Judy", defendant's publication bearing a different illustration upon the cover and being sold at a different price".

This principle seems to be decisive of this case. There is no proof in this case that the defendants intentionally, or by adopting the trade-mark "La Camerita", represent to the public that the cigars to be manufactured and sold by them are those manufactured and sold by the plaintiff.

It follows, therefore, that there is no infringement on the part of defendants in using the name "La Camerita" and that the action cannot be maintained as one for unlawful competition. The finding must be in favor of the defendants, and the temporary restraining order is, therefore, dissolved and a perpetual injunction denied.

*McMahon & McMahon,* for Plaintiffs.

*Wright & Ozias* and *Gottshall, Crawford & Limbert* for the Bucher & Bucher Co.

*J. S. Zimmerman,* for Torrence.

---

(Lucas County Common Pleas.)

PADDOCK, OVERMEYER AND COMPANY v. RUFUS C. DAGGETT et al.

---

Where a father holds out his son as his partner, doing business under the firm name of D. & Son, while in fact all the property of such firm belongs to the father, and the son had no interest therein, and afterwards the father makes an individual assignment for the benefit of his creditors, transferring to his assignee all the apparent property of the firm, such assignment is not void, but the property will be administered by the assignee as partnership property under the jurisdiction of the probate court; and a creditor of the alleged firm can not commence an action in the common pleas to subject a portion of the assets in the hands of the assignee to the payment of his claim on the ground that such assignee is wrongfully in possession of the partnership property.

---

BARBER, J.

On the 13th day of January, 1899, Rufus C. Daggett made an assignment for the benefit of his creditors. The assignee immediately took possession, gave bond and proceeded promptly in the execution of his trust. He has converted the assets into money and holds them to be further administered.

The case was tried upon the pleadings and the conceded facts, and such conceded facts, so far as is necessary to state them, are that Rufus C. Daggett and Charles L. Daggett prior to the assignment were doing business under the name of Daggett & Son. The son in fact had no interest in the partnership, and had no interest whatever in the assets assigned. He was held out by his father as a partner with full knowledge and consent.

The plaintiff after the assignment recovered a judgment upon a claim against Daggett and Son as partners, and have begun this suit to subject a portion of the assets in the hands of the assignee to the payment of their claim.

The only question raised for decision is whether this court has jurisdiction of this case.

Two preliminary questions are discussed.

1. It is contended that if Rufus and Charles Daggett were partners in fact, the assignee took no title to the assets and is wrongfully in possession of their proceeds. This is a correct proposition of law, but it has no application whatever to the conceded facts. For it is conceded that the Daggets were not in fact partners, and that Rufus C. Dagett was the individual owner of the property assigned.

2. It is contended that if Rufus C. Daggett and Charles Daggett were not in fact partners, but held themselves out as partners, that the assignee of Rufus C. Daggett has no title to the assets; that the assignment was void, and the assignee wrongfully in possession. This is not the law, and the assumption of its correctness on the part of counsel has been the sole cause of his confusion, and resulted in confusing the court during the trial. The fact that the Dagetts held themselves out as partners, and were dealt with as such by the plaintiff, and that thereby the plaintiff is entitled to have the assets in the hands of the assignee administered as partnership assets does not in any manner render the title of the assignee void. If this

court has jurisdiction of this case, it is not upon the theory that the Daggetts' title is void, but that under the law this court can withdraw so much of the assets of the assignee as is necessary to satisfy the plaintiff's claim. The decisions cited upon this contention have all been examined carefully, but can not one of them sustains the position that the assignment of Rufus C. Daggett of his individual property is void.

In the New York case—94th New York Reports page 595—it is expressly held that the individual property of Shawhn in Missouri passed to his assignee in bankruptcy. Firm creditors in New York commence suit by attachment upon moneys in the hands of agents in New York. It was held that this property not having passed to the assignee, and being in the state of New York, should be treated and administered there as partnership property.

In the Michigan case—87 Michigan, page 599—it was held that the property of persons holding themselves out as partners must be treated as partnership property and applied to the payment of the debts of those who had dealt upon the faith of such partnership. There is no ground whatever for contending that the assignment for that reason was void. In this case the assignee had not taken possession of the property at all, had not qualified, and the sheriff had obtained a lien by way of attachment upon the property.

It is a little difficult to understand the Texas case. The assignment in that case was held invalid, but if I understand correctly, upon the ground that the assignor required releases of all creditors accepting under it, where the assignor had held out and recognized another as a partner in the firm business, and held out the property assigned as partnership property. If this decision is to be taken as holding that the assignment was null and void simply on the ground that others had dealt with the partners as a copartnership. it conflicts with all the decisions that I can find and is bad law, and ought to be rejected by every court. There are authorities which hold that the only effect resulting from the holding out of another as a co-partner, when in fact such person so held out has no interest in the co-partnership, is to hold such partner, who permits himself to be held out, individually liable upon the claims of those who deal with them. There are many other cases, and the cases cited by the counsel for the plaintiff go further and hold: That when persons hold themselves out as co-partners, they are thereby estopped to deny the co-partnership. And the property of the individual who is alone in fact interested in the partnership, is to be treated as the property of all the persons so held out. And that firm creditors are entitled to all the rights which they would have were the persons in truth and in fact co-partners. It is not necessary, however, to decide this question, for it may be conceded that so far as this plaintiff is concerned the individual assets of Daggett are to be administered in the assignment precisely the same as though the assets belonged to both the Daggetts. The question remaining is where are they to be so administered? Can the plaintiff in this court obtain said administration in this kind of a suit, or must the plaintiff go to the probate court? This question is easy to determine, and must be considered settled in Ohio. The probate court having obtained jurisdiction of this assignment, is empowered with full and exclusive jurisdiction of all matters arising therein in the administration of the estate. This question is fully discussed and decided in 11th Circuit Court Reports, page 100; 50th Ohio State, page 529; 59th Ohio State, page 228, 245 and 246.

If the assignment were utterly void as contended for by the plaintiff, the conclusion would be different. This court would have jurisdiction. Jones v. Kilbreth, 49th Ohio St., page 401.

As we have seen, the assignment is not void. We assume without deciding that the law is as claimed by the plaintiff that it is entitled to treat these assets as partnership assets. If such be the law, the probate court will

so administer them. The probate court has exclusive jurisdiction, and the plaintiff must work out its rights in that court. There would be no end of complication and difficulties were creditors allowed to come into the court of common pleas to get their rights when the matter is pending in another court that has full power to hear and determine everything. It is said that if the plaintiff had attached these funds in the hands of the assignee he could have maintained this action without doubt. A little reflection will convince counsel that there are no grounds for attaching the funds rightfully in the hands of an assignee in the state of Ohio. Such a proceeding is unknown to our laws.

Judgment will be rendered for defendant, assignee, the petition of the plaintiff will be dismissed and any entry made that counsel may desire in regard to saving error and appeal.

B. F. Brough, for Plaintiff.

Winters & Keyt, for Assignee.